## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SYLVESTER WARNER (#351716)**                          **CIVIL ACTION**

**VERSUS**

                                                                                               **21-15-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 14, 2022.

                                                       **RICHARD L. BOURGEOIS, JR.**
                                                       **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SYLVESTER WARNER (#351716)**                                                 **CIVIL ACTION**

**VERSUS**

                                                       **21-15-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants James M. LeBlanc, Darryl Vannoy, Michael Jack, and Tammy Hendrickson, complaining that his constitutional rights have been violated due to continuous confinement in the Control Cell Restriction Unit.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge.

On March 22, 2021, the Magistrate Judge issued an order for the defendants to be served by the United States Marshal ("USM"). *See* R. Doc. 4. Summons were issued on the same date by the Clerk of Court, and per courthouse procedure the USM mailed the plaintiff a Form 285 packet on March 23, 2021. *See* R. Doc. 6. This form must be completed for the USM to attempt service of the summons and was not returned to the USM by the plaintiff. A review of the record reveals that none of the defendants been served. *See* R. Doc. 6.

On February 9, 2022, Plaintiff was ordered to show cause in writing why his claims should not be dismissed for failure to serve the defendants within the time allowed by Rule 4. Plaintiff was specifically informed that, although he may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to effectuate such service. *See* R. Doc. 7.

Plaintiff failed to respond to the Court's show cause order and has not taken any other action to accomplish service. As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, for failure of Plaintiff to serve Defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on March 14, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**